Matter of Douglas (2019 NY Slip Op 04164)





Matter of Douglas


2019 NY Slip Op 04164


Decided on May 29, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ANGELA G. IANNACCI, JJ.


2018-12677 

[*1]In the Matter of Gerald Peter Douglas, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Gerald Peter Douglas, respondent. (Attorney Registration No. 2886083)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 8, 1998.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a disciplinary proceeding against the respondent by filing a notice of petition and a verified petition, both dated October 26, 2018. On October 31, 2018, the respondent was personally served with copies of the notice of petition and the verified petition, along with a motion by order to show cause pursuant to 22 NYCRR 1240.9(a)(3) and (5), seeking, inter alia, his immediate suspension upon a finding that he is guilty of professional misconduct immediately threatening the public interest. An affidavit of service was duly filed with the Court on November 1, 2018. The notice of petition directed the respondent to file and serve his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served an answer to the verified petition, nor requested additional time in which to do so. Neither has the respondent responded to the motion or requested additional time to respond to the motion.
By way of background, the verified petition contains two charges of professional misconduct, alleging misappropriation of client funds and a failure to cooperate with the Grievance Committee's investigation of two complaints of professional misconduct filed against the respondent, respectively.
The Grievance Committee now moves to deem the charges established, and to impose such discipline upon the respondent as this Court deems appropriate, based upon his default for failure to answer the verified petition. On December 11, 2018, the Grievance Committee served the respondent with a copy of the instant motion to adjudicate him in default. To date, the respondent has neither responded to the motion nor requested additional time in which to do so.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred upon his [*2]default, and his name is stricken from the roll of attorneys and counselors-at-law. The motion for the respondent's immediate suspension is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and IANNACCI, JJ.,concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition established is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Gerald Peter Douglas, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Gerald Peter Douglas, shall comply with the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Gerald Peter Douglas, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gerald Peter Douglas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the motion pursuant to 22 NYCRR 1240.9 is denied as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court